**Dr. Ralph David Berenson, Plaintiff-Appellee, v. Paula Berenson, Defendant-Appellant.**

**Gen. No. 48,659.**

First District, Second Division.

January 30, 1962.

Friedman, Armstrong, Donnelly, and Friedman, of Chicago, for appellant.

Leon N. Miller and Russell G. Miller, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Dr. Ralph Berenson and Paula Forkosh were married on March 30, 1958, and lived together as husband and wife until May 4, 1961. They have one child, Bobby, who was a year old when they separated on May 4, 1961. At that time the family lived in Deerfield, Lake County. The husband has been practicing dentistry since August 20, 1955, and since May 20, 1957, has maintained his dental office in Deerfield. He has a modest income from his profession. On May 4, 1961, his wife left the matrimonial home in Deerfield and took Bobby with her, as well as various items of clothing, photographic equipment, silverware and kitchen utensils, without advising her husband of her

intention to depart and without cause or provocation. On the day she left she filed a complaint for separate maintenance and, in the alternative, for divorce, in the Superior Court of Cook County.

On July 28, 1961, the court, on its own motion, ordered Dr. Berenson to pay his wife $35 per week for the maintenance and support of Bobby, and directed that the father have the right of visitation. On August 16, 1961, the husband petitioned for a rule to show cause why his wife should not be held in contempt for failure to obey the requirement of the order pertaining to visitation. He also asked for an injunction restraining her from incurring further obligations on his credit. The petition set up a list of merchants from whom she purchased various items. On that day the court enjoined her from contracting for or purchasing any clothing, jewelry, furniture, footwear, hats, wearing apparel, drugs, handbags, accessories, toys or other merchandise and medical and dental services on credit, "or by charging the same or by payment in cash" until the further order of the court, and from charging any purchases of goods, wares and merchandise to the account of her husband. She did not appeal from this order. On September 27, 1961, she caused the complaint to be dismissed. On September 29, 1961, Dr. Berenson verified a complaint for a temporary and permanent injunction against his wife. He filed this complaint on October 2, 1961. Thereupon the court ordered a temporary injunction without notice or bond, based on the allegations of the complaint. On October 17, 1961, the court denied defendant's motion to dissolve the temporary injunction. She appealed. On this appeal we assume the facts outlined to be true.

 Defendant argues that it does not appear from the complaint that the rights of plaintiff would be unduly prejudiced if the injunction did not issue

immediately or until after notice. Section 3, Chap 69, Ill Rev Stats 1961, requires notice before the granting of an injunction unless the plaintiff would be unduly prejudiced. The purpose of requiring a notice is to give the defendant an opportunity to show that the injunction should not issue. No presumptions are to be indulged in favor of action without notice. An injunction without notice should not be granted unless it is made clearly to appear from facts recited and verified that the rights of the applicant will be unduly prejudiced unless the injunction be granted without notice. Crown Bldg. Corp. v. Monroe Amusement Corp., 326 Ill App 430, 62 NE2d 32; Brin v. Craig, 135 Ill App 301. There is no explanation in the complaint of how plaintiff could suffer from acts of the defendant in charging items to her personal credit. He alleges that they are living separate and apart because of her fault. On his theory he would not be liable under the Family Expense statute. Schlesinger & Mayer v. Keifer, 30 Ill App 253; Bevier v. Galloway, 71 Ill 517; 41 CJS, Husband and Wife, Sec 64(b), P 534. Plaintiff makes no adequate showing that a delay of a few minutes or hours would harm him. The defendant was available as shown by the fact that she was served writs of summons and injunction on the day the complaint was filed. The failure of the wife to appeal from the temporary injunction granted in the first case does not affect her right to appeal from the injunction issued in the instant case. We think the court erred in granting the injunction without notice.

 We doubt that an injunction with the sweeping provisions of the one in the case at bar may properly be granted. Section 6 of the Husband and Wife Act (Ill Rev Stats c 68, 1961) provides that contracts may be made and liabilities incurred by a wife and enforced against her to the same extent and in the same manner as if she were unmarried. Section 15 states

379

that the expenses of the family and the education of the children shall be chargeable upon the property of both husband and wife, or either, in favor of creditors, and that in relation thereto they may be sued jointly or separately. This is a valuable right given to husband and wife. A temporary injunction such as the one issued deprives the wife of the benefit of Section 15. The burden rests on a creditor suing under Section 15 to prove that the wife or husband is entitled to live separate and apart from the other by mutual agreement or because of the misconduct of the spouse.

The order of October 17, 1961, denying defendant's motion to dissolve the temporary injunction is reversed and the cause is remanded with directions to allow the motion.

Order reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.