(No. 40514.—

LAWRENCE LARSON, Appellee, *vs.* MARVIN D. HARRIS, JR., Appellant.

*Opinion filed November 30, 1967.*

MAYNARD, MAYNARD & BRASSFIELD, of Rockford, (JAMES F. MAYNARD, of counsel,) for appellant.

ASHER, GREENFIELD, GUBBINS AND SEGALL, of Chicago, (IRVING D. LEVIN, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

We allowed a petition for leave to appeal by defendant, Marvin D. Harris, Jr., from a judgment of the Second District Appellate Court, which reversed the judgment of the circuit court of Winnebago County and remanded the cause. (77 Ill. App. 2d 430.) The parties agree that the appellate court's opinion accurately portrays the facts in the case. It is, therefore, appropriate to restate the court's narrative of such facts:

"The complaint as amended charged that on April 7, 1961, defendant, Marvin D. Harris, was operating an automobile in a westerly direction on U.S. 30; that the plaintiff was riding with him as a passenger; that the plaintiff was free from contributory wilful and wanton misconduct; and that the defendant was guilty of wilful and wanton misconduct by driving across a marked highway, traveling approximately 250 feet off the pavement, down an embankment and stopped across a creek.

"Defendant's answer as amended denied the charges of wilful and wanton misconduct, and denies that the plaintiff was free from wilful and wanton misconduct.

"The evidence showed that the accident occurred on U.S. Route 30, about two miles from its intersection with Route 51. U.S. 30 is a two-lane blacktop road approximately 22 to 24 feet wide with a black and white median strip. The highway where the accident occurred has a gravel shoulder about 4 feet wide, with the remainder of the embankment grass.

"On April 7, 1961, the defendant, a resident of Rockford, was driving an automobile owned by his father's firm. Early in the evening he met the plaintiff and together they went to a hospital in Rockford to meet Janet Rewerts, a friend of the plaintiff. The three left Rockford, drove along Route 51 to Rochelle, Illinois, where they met Merietta King, a friend of the defendant. The four, with the defendant driving, then proceeded from Rochelle to

DeKalb, Illinois, where they decided to attend a university dance. Instead of attending the dance, they went to a restaurant located at the east end of DeKalb.

"After remaining at the restaurant for approximately one-half hour, they decided to return to Rochelle. As they started the defendant was driving, Merietta King was in the right front seat, the plaintiff in the back seat behind the defendant, and Janet Rewerts sitting on his right. They traveled some back roads until they came to Route 23 where they proceeded south to U.S. Route 30.

"The defendant stated that his car was in good working condition, his lights were on, his brakes were in good working order, and he estimated his speed at between 50 to 60 m.p.h. before he reached U.S. Route 30. He stopped at the stop sign at the juncture of Route 23 and U.S. Route 30 and then made a right turn onto U.S. Route 30. He stated that the pavement on the U.S. Route 30 was dry, the weather was nice and the visibility good. He states he has no recollection of the events surrounding the accident nor his speed on U.S. Route 30, but did state that he did not fall asleep, that the passengers were behaving themselves.

"A state trooper stopped shortly after the accident while cruising along U.S. Route 30. When he arrived he saw a 1955 Chevrolet tudor hardtop off the road down the embankment and across a small creek. The car was on the south side of the roadway, or the opposite side of the road from where the defendant was traveling. He stated that the car left the road 249 feet from where the car stopped and based this fact on the tire marks which left the roadway and led directly to the car."

At the close of the plaintiff's presentation to a jury, the trial court on the motion of the defendant directed a verdict for the defendant. The plaintiff without filing any post-trial motion appealed to the appellate court. That court held that directing a verdict was error and that the case should

have gone to the jury. It further held that it was unnecessary for the plaintiff, prior to his appeal, to have made a post-trial motion. These appellate rulings are challenged by the defendant in this appeal.

Subsequent to the rendition of the Second District Appellate Court's opinion in this cause, we, in *Keen v. Davis, ante,* p. 280, held that it was not necessary to file a post-trial motion in the trial court following a directed verdict as a prerequisite to appeal. There we said: "We see nothing in the statute [Ill. Rev. Stat. 1965, chap. 110, par. 68.1] to indicate a legislative intent that a post-trial motion be filed after a directed verdict. In fact, the contrary is indicated since no such motion is required in non-jury cases (section 68.3) or cases in which a jury has failed to reach a verdict. (Section 68.1(5).) The motion to dismiss the appeal was properly denied by the appellate court." *Ante,* p. 282.

*Keen* being dispositive of this argument advanced by the defendant, we consider now whether the trial court under the evidence properly directed a verdict for the defendant. This court in *Pedrick v. The Peoria and Eastern Railroad Co.,* 37 Ill.2d 494; 229 N.E.2d 504, recently and comprehensively reviewed the problem of determining when direction of a verdict or judgment *n.o.v.* is proper. The core of *Pedrick* is: "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill.2d at 510; 229 N.E.2d at 512.

Applying this standard to the present appeal, we are of the opinion that the appellate court properly held there was sufficient evidence to submit the case to the jury on the question of defendant's wilful and wanton misconduct.

Because of post-trauma amnesia neither the plaintiff nor

the defendant remembered the occurrence in which the plaintiff was injured. The defendant did not recall the events immediately preceding and following the occurrence. There was an hiatus in the plaintiff's recollection from the time the couples decided not to attend the dance until the plaintiff was hospitalized.

The defendant was able to testify that the pavement of U.S. Route 30 that evening was smooth and dry and that the weather was clear and the visibility good. He stated that his auto was in good operating condition, that its lights were on and its brakes were in working order. He testified that preceding the occurrence he had been driving 50-60 miles per hour. The defendant testified that he was in good health on the day in question and did not have any physical defects. The passengers were behaving themselves, as it was put. The investigating police officer testified that the defendant's auto had gone off the road and down an embankment and had struck a culvert. The auto was found 249 feet from the point where it left the road.

Considering the evidence presented and the inferences that might be drawn from the circumstances, we cannot say, applying the rule of *Pedrick,* that such evidence "so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Cf. Klatt* v. *Commonwealth Edison Co.,* 33 Ill.2d 481; *Hering* v. *Hilton,* 12 Ill.2d 559.

The Second District Appellate Court held the directed verdict to have been improperly ordered and its judgment is affirmed.

*Judgment affirmed.*