The Abraham Lincoln Memorial Hospital Corporation, an Illinois Not-for-Profit Corporation, Plaintiff-Appellee, v. Alvin B. Gordon, Defendant-Appellant.

Gen. No. 10,988.

Fourth District.

July 15, 1969.

Woods and Thompson, of Lincoln (Roger W. Thompson, of counsel), for appellant.

Harris & Harris, of Lincoln (Homer B. Harris, of counsel), for appellee.

JONES, J.

Plaintiff-hospital filed a Small Claim complaint against defendant for hospital services rendered to defendant's wife. The case was tried without a jury and the court found for the plaintiff and entered judgment for $369.05 from which defendant has appealed.

Plaintiff and defendant were both represented at the Small Claim hearing by counsel. It was stipulated that hospital services were rendered to Mrs. Elizabeth Gordon at the plaintiff-hospital between her admission on January 8, 1965, and her discharge on January 19, 1965, and that the reasonable value of the services rendered was $369.05 which was unpaid; that at the time these services were rendered the defendant and Elizabeth were husband and wife and that Mrs. Gordon was deceased at the time of the trial. The defendant introduced records from the hospital showing that the defendant's wife was admitted in a comatose condition by a Mr. Marvin Dixon who gave the patient's name as Elizabeth Dixon and who represented himself to be her husband and agreed in writing to pay for the services to be rendered. The following day, when Mrs. Gordon was able to talk, she informed the hospital staff that she was still married to defendant but was separated from him. Defendant testified in his own behalf that he was married to Elizabeth Gordon but was not living with her, that she was living in Lincoln, Illinois, and he was living in Atlanta, Illinois, that it had been almost thirteen years since he had last lived with his wife, and when asked for an explanation of the circumstances of the separation stated "she just got up and left" and that he did not give her any reasonable cause or provocation for leaving and he did not thereafter at any time resume cohabitation with her. Defendant also stated that he at no time agreed to pay any of her bills, was never notified that his wife was in the hospital, and never agreed to pay plaintiff for the services rendered. Upon cross-examination defendant admitted he was not entirely sure when he and his wife separated and admitted that in November, 1953, he appeared in court and paid a fine on a charge of assaulting his wife. Defendant volunteered the statement that he had been in court many times to pay fines "for drinking—one thing and another." He admitted that he "had been arrested

and paid fines for various reasons while he was living with his wife" and some of the fines were paid as a result of arguments he had had with his wife, and that he "drank a bit everyday. Drinking will creep up on you just like anything else." Defendant also testified that he and his wife had been divorced and remarried but he could not remember the date of either event. He was unsure of the dates and occasions upon which he had paid the fines.

The factual situation of this case is anything but new to Illinois courts. In Ross v. Ross, 69 Ill 569, the Supreme Court states:

> "The husband, by the common law, is bound to provide his wife with necessaries suitable to her situation and his condition in life. As proceeding from this general duty, the common law courts have held that if the husband abandons his wife, or they separate by consent, without any provision for her maintenance, or if he sends her away, he is liable for her necessaries, and he sends credit with her to that extent. 2 Kent's Com 146–7; Evans v. Fisher, 5 Gilm 569. In that case this court fully recognized the rules of the common law, in this language: 'The husband is not responsible even for necessaries furnished the wife, when residing apart from him, if she left him without good cause and against his consent. But if the separation was caused by improper treatment on his part, or he assented to or acquiesced in it, he is liable for her necessary support, and to that extent she has credit on his account in the community.' "

The same rule in varied statements has persisted through many cases. For instance, in Wilson v. Bishop, 10 Ill App 588, the court states the rule as follows:

> "While it is true that a husband is not responsible, even for necessaries furnished his wife while resid-

ing apart from him without his consent, and without good cause, still, if the separation is caused by improper treatment on his part, such as would justify her in leaving his bed and board, he is liable for her necessary support, and to that extent she may avail herself of her common law remedy, of obtaining such support on his credit. Ross v. Ross, 69 Ill 569; Schnuckle v. Bierman, 89 Id. 454; Bevier v. Galloway, 71 Id. 517; Rea v. Durkee, 25 Id. 503; Love v. Moynehan, 16 Id. 277. The sufficiency of the grounds for a separation, is a question of fact for the jury."

See also McClary v. Warner, 69 Ill App 223; Bonney v. Perham, 102 Ill App 634; Cline v. Buddemeier, 164 Ill App 79; Todtleben v. Rudowski, 181 Ill App 318; Berenson v. Berenson, 34 Ill App2d 376, 181 NE2d 357; Illinois Law and Practice, Husband and Wife, §§ 23–26; 60 ALR2d 1. "Necessaries" include medical services. Bevier v. Galloway, supra.

Neither party here quarrels with the rule but rather claim the facts of the case invoke it in their favor. The defendant insists he is not liable because at the time the expenses were incurred he and his wife were separated and that she left him for no legally sufficient cause. The plaintiff, on the other hand, points to defendant's admission of daily drinking, assaulting his wife, the payment of many fines for misconduct, some arising out of disputes with his wife, and asserts that ample cause for her sepparation is shown. Implicit in the trial court's judgment for plaintiff is a finding that defendant's wife was justified in leaving him and in living separate and apart from him and our review of the evidence does not impel us to overturn this finding.

■■■■■■ Over objection of the defendant, the plaintiff was permitted to question defendant on cross-examination concerning a number of arrests for assault and battery of his wife. While a plea of guilty to a criminal charge of assault and battery is admissible evidence in

a civil case as an admission against a party (Galvan v. Torres, 8 Ill App2d 227, 131 NE2d 367), a judgment of guilty in a criminal case not based upon a guilty plea is inadmissible. 29 Am Jur2d, Evidence, § 334. An arrest is ordinarily inadmissible as proof of the validity of the facts underlying the arrest. However, we consider the error to be harmless for the judgment of the court is supported by proper evidence in the record and when the trial court is the trier of the facts every presumption will be accorded that the judge considered only admissible evidence and discarded inadmissible evidence in reaching his conclusion. People v. Robinson, 30 Ill2d 437, 197 NE2d 45.

Defendant addresses an argument to the court based upon the Family Expenses Act, c 68, § 15, Ill Rev Stats 1963, which provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

He concedes that expenses of the family include medical and hospital expenses but argues that interpretive cases require that a family exist in fact, not merely de jure, before the statutory liability may be imposed. Schlesinger v. Keifer, 30 Ill App 253. He points out that in this case no family had existed because of the long separation of the defendant and his wife and therefore the statute may not be invoked. While it is true, as defendant contends, that the liability of the statute is not absolute, the statute is not the only remedy. In Seybold v. Morgan, 43 Ill App 39, the court states, "The remedy of the statute cannot, therefore, be invoked in cases of separation by mutual consent, but its enactment in nowise affected the common law right of action in favor of a

184

person who supplied necessaries to the wife. Such right of recovery still exists by force of the common law, if the wife is living separate from the husband because of his fault or wrong, or with his consent."

Defendant also asserts that when he and his wife remarried she thereby condoned his wrongdoing and left him without further fault upon his part. The evidence does not support this claim. There is no proof of the date of their divorce, the date of their remarriage or the dates of any of defendant's acts of misconduct and defendant stated he was not entirely sure when he and his wife separated.

Defendants suggests that he should be exonerated from liability because his wife was living in adultery at the time plaintiff rendered its services to her. Again, there is no proof of the fact. It is suggested by defendant's statement that he "heard she was living with another man" and by information contained in the hospital admission record, both of which are hearsay. Defendant did not pursue the matter in his evidence and we will not in this opinion. Suffice it to say that if the wife is guilty of conduct subsequent to the separation that would entitle the husband to a divorce, the husband should avail himself of his remedy in order to absolve himself from liability for her necessities.

██ Defendant finally complains that after it became known to the trial court that defendant and his wife were living separate and apart, it devolved upon the plaintiff, as a matter of law, to prove that the wife was separated from her husband without fault on her part. This misstates the rule. It devolved upon plaintiff to prove that the separation of the wife was legally justified because of defendant's misconduct. This proof was supplied by plaintiff's cross examination of the defendant and enabled plaintiff to meet its burden of proof of the elements necessary to its cause of action.

185

Since we find no reversible error in the record, the judgment of the Circuit Court of Logan County will, therefore, be affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.