*In re* ESTATE OF EMMA HARTSEIL, Incompetent—(THE DEPARTMENT OF MENTAL HEALTH, Claimant-Appellant, *v.* GEORGE HARTSEIL, Conservator, Respondent-Appellee.)

(No. 71-217;

Third District—March 2, 1972.

Herman R. Tavins, of Chicago, for appellant.

Theadore Korb, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The Department of Mental Health filed a petition in the circuit court of Peoria County against the estate of Emma Hartseil, which alleged that Emma Hartseil, an incompetent, had been hospitalized in the Peoria State Hospital since April 29, 1948. The petition further stated that by virtue of Section 12—12 of the Mental Health Code, Chapter 91½ of the Illinois Revised Statutes, the Department had calculated and fixed the per capita cost of treatment of the patient in the Peoria State Hospital to be $60.00 per month from January 1, 1952, through January 30, 1957; $81.00 per month from July 1, 1957, through December 31, 1963; $132.00 per month from January 1, 1964, through December 31, 1968; and $360.00 per month from January 1, 1969. The petition alleged that the Department had submitted monthly statements to the conservator, George Hartseil, and that there was due and unpaid the sum of $12,-922.30. The prayer of the petition was that the conservator be ordered to pay this amount and such further sums as they became due.

The circuit court found the issue in favor of the Department and against the estate of the incompetent and ordered the conservator to pay Department of Mental Health the sum of $10,788.00 and to pay thereafter the monthly charges as they accrued.

The Department appeals from that part of the judgment which reduces the amount of the claim from $12,922.30 to $10,788.00.

The conservator, George Hartseil, in the brief which he files as respondent-appellee, claims that a certain motion was not disposed of by the trial court prior to the entry of the order awarding judgment to the Department. The record in this case fails to support this contention of the conservator for it clearly shows that the motion referred to was timely disposed of by the trial court. Other statements in the brief of the conservator are after the examination of the record found to be without substance and it is pertinent to note that it is the Department who has appealed from that part of the judgment which reduced the amount of its claim. The conservator has taken no appeal from the judgment entered by the trial court and therefore the sole issue presented to us for review is whether the circuit court of Peoria County, Illinois, had authority to inquire into the merits of the claim of the Department where no administrative review had been taken by the affected party.

This precise question was considered in *In Re Estate of Onischuk*, 87 Ill.App.2d 397, 231 N.E.2d 664, where the court quoted with approval as follows from the case of the *Department of Public Welfare v. Haas*, 15 Ill.2d 204, 154 N.E.2d 265:

"An examination of these provisions of the code indicates that an action brought under section 9—23 (now 12—25) is only for the enforcement of unreleased charges as established in conformity with its preceding sections. No action thereunder is contemplated until the defendant has exhausted his administrative remedies or the allotted time has expired within which he can pursue them. Conversely, where a defendant has failed to pursue those remedies, he cannot raise in the county court questions which should have been raised in the administrative proceedings, *such as the propriety of the amount of the charges as fixed and determined or his ability to pay*. This construction is in accord with judicial precedent which has sustained the validity of legislation whereby the existence of liability or the validity of a regulation is determined by one process and enforcement is achieved by a separate proceeding. * * * (Italics added.)

When statements are received from the Department pursuant to section 9—21 (now 12—23), it is the right and duty of the party affected to pursue the remedies provided under section 9—22 (now 12—24) if he contends that the charge is improperly determined, excessive in amount, or not in reasonable relation to his financial ability."

We are cognizant of the fact that the *Onischuk* case was predicated upon the statutory provisions of the Mental Health Code of 1963, while in the instant case the statute relied upon was adopted in 1969. How-

ever, an examination of the two codes discloses that any differences pertaining to the method of the determination of charges and the right to an administrative review are inconsequential. The opinion of the court in the *Onischuk* case is equally as applicable to the proceedings under the Mental Health Code of 1969 as it was to the 1963 Code. The law set forth in the cases of *Haas* and *Onischuk* is well established and we believe that the further citation of supporting cases would serve no useful purpose, since it is abundantly clear to us that the circuit court of Peoria County was without authority to reduce the Department's claim. We therefore reverse and remand this case to the circuit court of Peoria County with directions to enter a judgment for the Illinois Department of Mental Health and against the estate of Emma Hartseil, an incompetent person, in the sum of $12,922.30.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.