THE DEPARTMENT OF MENTAL HEALTH FOR THE USE OF PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD GARDNER, Defendant-Appellant.

(No. 71-131;

Third District—May 31, 1972.

D. Calvin Sincock, of Moehle, Moehle, Reardon, Sincock Assoc., of Pekin, for appellant.

William J. Scott, Attorney General, of Springfield, (Ronald Olson, Assistant Attorney General, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action was brought by Plaintiff-Appellee, Department of Mental Health, seeking to recover charges against Defendant-Appellant, Howard Gardner, for treatment of the defendant's wife while in the Peoria State Hospital. The charges were assessed pursuant to Ill. Rev. Stat., 1969, ch. 91½, par. 12—12, by the Department and this action was instituted to collect the amount previously assessed. The defendant moved to dismiss the complaint alleging among other reasons, that said Sec. 12—12 was unconstitutional. The Circuit Court of Peoria County denied defendant's motion to dismiss the complaint on account of the unconstitutionality of the statute. Pursuant to the trial court's appropriate certification we granted defendant's petition for leave to appeal from the interlocutory order of the court.

This case was decided by the trial court on the pleadings and the essential facts have been stipulated to pursuant to Supreme Court Rules 323 (d) and 342 (c) (6).

Essentially in the stipulation the parties agreed that defendant's wife had received treatment in the Peoria State Hospital from July, 1966 until March, 1968. The Department assessed charges for his wife's treatment against defendant pursuant to Ill. Rev. Stat., 19696, ch. 91½, par. 12—12, which charges defendant did not pay resulting in this action for their collection commenced in 1971.

Two Sections of Ill. Rev. Stat. 1969, ch. 91½ are involved. The first, par. 1—19 provides, "1—19. Responsible relative, par. 1—19. 'Responsible Relative' means the spouse, parent or parents, child or children of patients receiving care and treatment in mental health facilities or programs of the Department * * *." The second Section is 12—12 which in so far as material provides, "12—12. Treatment charges, par. 12—12. Each patient receiving treatment in a mental health program of the Department, and the estate of such patient, is liable for the payment of sums representing charges for treatment of such patient at a rate to be determined by the Department in accordance with this Section. If such patient is unable to pay or if the estate of such patient is insufficient, the responsible relatives are severally liable for the payment of such sums, or for the balance due in case less than the amount prescribed under this Act has been paid * * *. No child is liable under

this Act for treatment of a parent who wilfully failed to contribute to the support of such child for a period of at least 5 years during his minority. No wife is liable under this Act for the treatment of a husband who wilfully failed to contribute to her support for a period of 5 years immediately preceding his hospitalization  *  *  *."

Defendant argues that par. 12—12 is violative of Article 1, sec. 2 and Article 1, sec. 18 of the Illinois Constitution, 1970. Article 1, sec. 2 provides, "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." Article 1, Sec. 18 provides, "The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

Defendant admits that he is a responsible relative as defined in par. 1—19 and referred to in par. 12—12. However it is his contention that the exemption of a wife from liability establishes an improper and unconstitutional classification according to sex.

■■ The first question we are required to determine is whether the constitutionality of the par. may be properly urged in the trial court in opposition to the Department's action to collect charges previously assessed. In suggesting that such a defense is improper the Department relies primarily on *Department of Public Welfare v. Haas*, 15 Ill.2d 204, 154 N.E.2d 265. However we do not believe that the *Haas* case supports this contention but on the contrary may be regarded as authority for the propriety of urging constitutional defenses in the trial court. In *Haas* the court following *Department of Finance v. Kilbane*, 381 Ill. 117, 44 N.E.2d 868 and *Department of Finance v. Gold*, 369 Ill. 497, 17 N.E.2d 13, concluded that the amount of the charges previously determined by the Department in an administrative proceeding was final in the absence of further direct review thereof. However the court in *Haas* did consider the claim that the procedure did not afford the defendant constitutional due process although holding against the defendant. To the same effect is *Department of Finance v. Gold, supra*. Accordingly it is our conclusion that constitutional issues may be raised for the first time in the trial court independent of any review procedures relating to the administrative determination.

■■ This brings us to the next question namely the standing of the defendant to raise the constitutional issue which he does. Citing Am.Jur.2d, Constitutional Law, sec. 123, the defendant argues the claim of discrimination may not be raised by one in whose favor the statute in question discriminates. According to defendant it is "wives" who form the improper classification and hence only "husbands" would have any standing to complain. An examination of the exemption reveals that de-

fendant's description of the class described in the statute is too broad. Rather than describing merely "wives" the class referred to is wives who have not been supported by their husbands for more than five years. Defendant claims only to be a husband, not a husband whose wife has failed to support him for five years which would be the class descriminated against according to the classification specified. (See *People v. Zuniga*, 31 Ill.2d 429, 202 N.E.2d 31.) Accordingly the defendant is not and can not be adversely or unfavorably affected by the classification specified in the exemption. The determination of the question raised by the defendant would be merely the consideration of an abstract question of constitutional law. (*People ex rel. Ryan v. Sempek*, 12 Ill.2d 581, 147 N.E.2d 295.) It follows that we can not and do not decide either the constitutionality of the exemption or the constitutionality of the entire Section. For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.