DEPARTMENT OF MENTAL HEALTH, OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL L. MITCHELL, Defendant-Appellant.

(No. 73-380;

Fifth District—February 11, 1975.

J. Max Mitchell, of Frankfort, for appellee.

William J. Scott, Attorney General, of Chicago (Jerry Felesenthal, Assistant Attorney General, of counsel), for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant appeals from a judgment requiring him to pay the sum of $345.14 to the Department of Mental Health, as the outstanding portion of monies due for the care and support of the defendant's daughter. The trial court granted the plaintiff's motion for summary judgment.

The three questions presented for review are:

(1) Was the defendant precluded from raising the factual issue, as to whether there was payment, by failure to use administrative review?

(2) Was this a proper case for summary judgment?

(3) Did the statute of limitations bar this action?

We answer the first two questions in the affirmative and the last question in the negative; thus, the judgment of the trial court must be affirmed.

Plaintiff's complaint alleged that the defendant was the father of Carolyn Mitchell, who was hospitalized in the Lincoln State School. The complaint further alleged that, pursuant to section 12—12 of the Mental Health Code (Ill. Rev. Stat., ch. 91½, par. 12—12), the father was a responsible relative and liable for maintenance charges in the amount of $345.14. Attached to the complaint was an exhibit, showing that from July through December, 1963, the defendant owed $63 per month and that only $32.86 had been paid. Another exhibit was a notice of final determination, sent to the defendant on January 11, 1960, which

assessed charges of $63 per month. The defendant's motion to dismiss was denied, and the plaintiff filed a motion for summary judgment. The trial granted defendant 10 days for a reply, and he then filed an affidavit of defense. Over 2½ years later, the trial court entered an order granting plaintiff's motion for summary judgment.

The defendant's affidavit claimed the July and August, 1963, payments were barred by the 5-year statute of limitations, and on a rehearing, the defendant also alleges that a factual issue was presented, thus preventing the court from granting a summary judgment.

The plaintiff cites *Department of Public Welfare v. Haas*, 15 Ill.2d 204 (1958), and *In re Estate of Hartseil*, 4 Ill.App.3d 80 (1972), for the proposition that defendant must first pursue his remedy before an administrative board. Plaintiff claims his failure to do that precludes him from raising an issue for the first time in the trial court. However, defendant's ability to pay the charges assessed was the key issue in the *Haas* case, and it was held in the *Hartseil* case that the trial court had no authority to inquire into and reduce the amount of claims where no administrative procedure for review had been followed. The question in the instant case is whether the issue of payment by defendant should have been raised first in an administrative hearing.

Section 12—12 of the Mental Health Code states, "The Department may issue * * * to any person liable * * * a statement of amount due as treatment charges." It is reasonable to assume that the Illinois legislature intended that the Department of Mental Health first determine that the amounts claimed had not been paid, before bills were forwarded. This would be in conformity with good, sound business practices. The word "due" is interpreted as meaning unpaid. The language of section 12—12 of the Mental Health Code gives authority to the Department to determine whether the defendant has paid.

■■ The defendant could have petitioned for a hearing and attempted to have his charges modified or cancelled on the ground that his bill had been paid. His failure to do so precludes him from raising this point for the first time in the trial court.

Section 57(1) of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 57(1)) provides that "Any time after the opposite party has appeared * * * a plaintiff may move * * * for a summary judgment or decree in his favor for all * * * of the relief sought." Defendant's argument that it was error to grant summary judgment before the defendant has answered has no merit. First the defendant filed a motion to dismiss which was denied, and then he filed a detailed affidavit of his defense. The trial court properly considered this affidavit for determining that a factual dispute existed, and an answer was not necessary for this purpose.

■■■ In *Frick v. O'Hare Chicago Corp.*, 70 Ill.App.2d 303 (1966), the court held that if upon an examination of the pleadings, depositions, affidavits and admissions on file, it can be fairly said that there is a genuine issue as to any material fact, a motion for a summary judgment should be denied. On the other hand, when the record shows there is no triable issue of fact, a summary judgment will be granted. The same reasoning was brought forth in *Lumberman's Mutual Casualty Co. v. Poths*, 104 Ill.App.2d 80, 88 (1968), when the following language was used: "The only function of the court, when presented with a motion for summary judgment, is to determine if a genuine issue exists as to a material fact; if not, summary judgment is proper; if so, summary judgment is improper, as the court may not summarily determine a material fact issue."

■■ Nowhere in his motion or affidavit does the defendant claim that he had paid the charges which were the subject of the complaint. Rather, the defendant claims that, prior to the 1963 amendment to the Mental Health Code, he had paid enough money so that, when the new amendment went into effect, he would not be required to pay more. This is the only claim made in respect to payment of these charges. Consequently, there never was a factual issue raised by the defendant that he paid the sum in question. His claim of payment was forwarded on an interpretation of the statute, and as the judge found against him on this issue, summary judgment was appropriately entered. Even if this would have been a valid defense, and the defendant should not have been assessed the charges, because of an overpayment, the issue would be whether the charges were properly assessed. However, the *Haas* case indicates that this is a matter which must be raised in an administrative hearing before it can be raised in the trial court. Consequently, it was not error to grant summary judgment, as there was no factual dispute.

■■ The third and final question for review was whether or not the statute of limitations would bar plaintiff's action. The 1963 amendment to the Mental Health Code set 5 years (Ill. Rev. Stat., ch. 91½, par. 12—12) as a statute of limitations. The record shows that the defendant made a payment of $63 in August, 1967. The following cases have held that part payment of a debt tolls the statute of limitations—*In re Estate of Swift*, 267 Ill.App. 224 (1932); *Walker v. Warner*, 179 Ill. 16 (1899); *Meyer v. Kramer*, 350 Ill.App. 102 (1953) (abstract opinion). Thus the payment in August, 1967, caused the 5-year statute of limitations to run from that date, and the filing of plaintiff's complaint in 1968 was within the period.

The judgment of the Circuit Court of Franklin County is affirmed.

Judgment affirmed.

G. MORAN and EBERSPACHER, JJ., concur.