THE DEPARTMENT OF MENTAL HEALTH, Plaintiff-Appellee, *v.* MERVIN L. BEIL, Defendant-Appellant.

Fourth District   No. 13478

Opinion filed December 2, 1976.

Duane D. Young, of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield (Ronald W. Olson, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:
This action was brought by the plaintiff, Department of Mental Health, to recover from defendant, Mervin L. Beil, charges for treatment

furnished to defendant's wife, Mary Beil. By stipulation the parties agreed that the Beils were married on July 4, 1947, they retained a valid marriage even though Mrs. Beil had filed for divorce on August 16, 1971, and that they lived separate and apart between August 16, 1971, and April 1974.

During the separation Mrs. Beil was institutionalized in several State mental institutions and incurred the charges in question. The plaintiff assessed these charges against defendant as a "responsible relative" pursuant to the provisions of section 12—12 of the Mental Health Code which provides in part:

"Each patient receiving treatment in a mental health program of the Department, and the estate of such patient, is liable for the payment of sums representing charges for treatment of such patient at a rate to be determined by the Department in accordance with this Section. If such patient is unable to pay or if the estate of such patient is insufficient, the responsible relatives are severally liable for the payment of such sums, or for the balance due in case less than the amount prescribed under this Act has been paid. * * *

The rate at which the sums for the treatment of patients in a mental health program of the Department is calculated by the Department is the average per capita cost of the treatment of all such patients, such cost to be computed by the Department on the general average per capita cost of operation of all state hospitals for the fiscal year immediately preceding the period of state care for which the rate is being calculated, except the Department may, in its discretion, set the rate at a lesser amount than such average per capita cost.

The Department may investigate the financial condition of each person liable under this Act, may make determinations of the ability of each such person to pay sums representing treatment charges, and for such purposes may set a standard as a basis of judgment of ability to pay [in accordance with Section 12—12.1 of this Act]. * * *

Treatment charges assessed against responsible relatives take effect on the date of admission or acceptance of the patient for treatment or as soon thereafter as each responsible relative's financial ability during the period which the patient receives treatment subjects him to liability for charges as required under this Section. * * *

Any person who has been issued a Notice of Determination of sums due as treatment charges may petition the Department for a review of that determination. The petition must be in writing and filed with the Department within 90 days from the date of the

Notice of Determination. The Department shall provide for a hearing to be held on the charges for the period covered by the petition. The Department may after such hearing, cancel, modify or increase such former determination to an amount not to exceed the maximum provided for such person by this Section. * * * Any person aggrieved by the decision of the Department upon such hearing may, within 30 days thereafter, file a petition with the Department for review of such decision by the Board of Reimbursement Appeals. The Board of Reimbursement Appeals may approve action taken by the Department or may remand the case to the Director with recommendations for redetermination of charges." Ill. Rev. Stat. 1973, ch. 91½, par. 12—12.

■■ The plaintiff sent notices of determination of the treatment charges to defendant on November 1, 1971, and February 22, 1974. Both notices apprised defendant of his right to a redetermination of the charges. The defendant never responded to the notices. On June 26, 1974, the plaintiff filed a complaint in circuit court seeking to recover Mrs. Beil's treatment charges incurred between August 16, 1971, and April 1974. At the ensuing jury trial, the plaintiff offered the testimony of Robert Dewan, a determinations supervisor for the Department of Mental Health, whose duties were to gather financial information on patients and relatives of people in the State hospitals to compute the charges that are due the State of Illinois. The witness testified that as soon as a patient enters a State hospital a fact sheet is made up showing his or her name and address, county, and other personal data of the patient and that information is sent to the determination section of the hospital and the hospital keeps a copy of all these records. The witness stated that he was familiar with investigations into patients' ability to pay for their treatment and this particular type of activity came under his supervision. The witness then stated that when patients are treated or enter a hospital under the supervision of the Department, there is an investigation made in the usual course of business. He stated that the Department sent the questionnaire to the relatives of the patient to ask them for financial information regarding the patient. The Department's witness then stated that the above steps were taken in the case of the patient, Mary P. Beil, and that Mervin Beil, the defendant, filled out a questionnaire in 1965 which did not show that the patient had any assets or income at the time he filled out the questionnaire. The witness also stated that this financial form was filled out as a usual and normal matter in connection with the admission of patients to hospitals under the jurisdiction of the Department. The witness stated that the spouses of patients who are responsible relatives under section 12—12 of the Mental Health Code were notified of treatment charges. Although Mr. Dewan had no personal knowledge of

Mrs. Beil or her financial condition, he did testify that the amount owed plaintiff remained unpaid. No testimony was given by this witness as to the operation or capability of the computer machinery. During Mr. Dewan's testimony a computer printout, abstracting Mrs. Beil's hospital attendance record, and the 1965 statement of Mr. Beil regarding his wife's assets were admitted into evidence. Mr. Dewan testified that the records were kept in the regular course of business and described the procedure used to forward hospital records to a central computer. The plaintiff also introduced copies of the Notices of Determination sent defendant on November 1, 1971, and February 22, 1974. The defendant offered into evidence only an affidavit which alleged in part that the Beils had been separated for more than 10 years, that Mrs. Beil willfully failed to support or contribute to their marriage and that section 12—12 was unconstitutional. The trial court refused the affidavit as evidence on the grounds that it included incorrect statements of law and irrelevant statements of fact, and that it only went to the proceedings on the motion to dismiss and the motion for summary judgment. Defendant offered no other evidence. The trial court instructed the jury to enter a directed verdict for the plaintiff and judgment was entered against the defendant in the amount of $1,420.78. No post-trial motion was filed following the directed verdict. Our supreme court, construing section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1), has held that it is not necessary to file a post-trial motion in the trial court following a directed verdict as a prerequisite to appeal. *Larson v. Harris* (1967), 38 Ill. 2d 436, 231 N.E.2d 421.

On appeal, defendant maintains that the trial result was improper because plaintiff failed to adequately prove Mrs. Beil's or her estate's inability to pay the charges for treatment. Defendant's 1965 statement that his wife had no assets was the only evidence of Mrs. Beil's assets introduced at trial. The plaintiff responds that the defendant's failure to exhaust his administrative remedies by not seeking a redetermination of the charges waives the issue. We agree.

■■ Our supreme court has stated in regard to the enforcement of charges imposed under the Mental Health Code (Ill. Rev. Stat. 1973, ch. 91½, par. 12—12) that:

> "An examination of these provisions of the Code indicates that actions brought under [the Mental Health Code] is only for the enforcement of unreleased charges as established in conformity with its preceding sections. No action thereunder is contemplated until the defendant has exhausted his administrative remedies or the allotted time has expired within which he can pursue them. Conversely, where a defendant has failed to pursue those

remedies, he cannot raise in the county court questions which should have been raised in the administrative proceedings, such as the propriety of the amount of the charges as fixed and determined or his ability to pay." (*Department of Public Welfare v. Haas* (1958), 15 Ill. 2d 204, 217-18, 154 N.E.2d 265, 273.)

*Haas* is followed in *Department of Mental Health v. Mitchell* (1975), 25 Ill. App. 3d 988, 324 N.E.2d 94, and *In re Estate of Hartseil* (1972), 4 Ill. App. 3d 80, 279 N.E.2d 778. We concur with this reasoning and hold that defendant has waived this issue on appeal.

■■ Defendant next contends that he is not a responsible relative within the meaning of section 12—12 because he is separated from his wife and because no proof has been offered showing that defendant's wife was legally justified in separating from him. Defendant cites several cases which sets forth the rule that if a wife leaves her husband without common consent and not because of any fault on the part of the husband, the husband is not liable for her expenses. (*E.g., Abraham Lincoln Memorial Hospital Corp. v. Gordon* (1969), 111 Ill. App. 2d 179, 249 N.E.2d 311; *Berenson v. Berenson* (1962), 34 Ill. App. 2d 376, 181 N.E.2d 357; *Bevier v. Galloway* (1874), 71 Ill. 517.) The rationale of these holdings is that the marriage has become *de jure* and does not exist in fact. We do not consider these cases controlling. Section 1—19 of the Mental Health Code defines responsible relative as "the spouse, parent or parents, child or children of patients receiving care and treatment in mental health facilities or programs of the Department." (Ill. Rev. Stat. 1973, ch. 91½, par. 1—19.) The inclusion of parent and child in the statute clearly indicates that the legal status between the patient and relatives controls the liability for charges. The breakdown of a marriage or the mere existence of possible grounds for divorce does not sever the marital relationship nor does it affect the determination that a person is a responsible relative within the ambit of the statute. (*Department of Mental Health v. Warmbir* (1967), 37 Ill. 2d 267, 226 N.E.2d 4.) As the supreme court stated in *Warmbir*:

"The marriage relation entails many obligations, statutory as well as natural ones, and it would be a novel doctrine indeed that would relieve a spouse from such duties simply because unasserted grounds exists for divorce. * * *

* * *

The statute in question obligates a person to pay something toward the cost of caring for his or her spouse in a State mental hospital. This obligation devolves on every married person simply by virtue of the relationship." (37 Ill. 2d 267, 269, 226 N.E.2d 4, 6.)

The retention by Mr. and Mrs. Beil of their marital status imposes the liability and their separation or the plaintiff's failure to show lack of justification for the separation does not relieve defendant from liability.

■■ Defendant contends that the plaintiff's notices of determination were insufficient to properly apprise him of his liability. Both notices were addressed to Marvin Beil, 1633 Seventh Street, Charleston, Illinois. Defendant states that his name is Mervin and that he never received these notices as his address is different from that on the notices. Evidence at the trial indicates that the notices were sent to the address reflected in the Department's records and that the notices were not returned by the Post Office. Copies of the notices were also attached to plaintiff's complaint. The trial court properly entered a directed verdict since all of the evidence, even when viewed in its aspect most favorable to defendant, so overwhelmingly favors plaintiff that no contrary verdict based on that evidence could stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

■■ The defendant further challenges on equal protection grounds the constitutionality of the following provisions of section 12—12:

> "No wife is liable under this Act for the treatment of a husband who wilfully failed to contribute to her support for a period of 5 years immediately preceding his hospitalization. Any child or wife claiming exemption because of such wilful failure to support during any such 5-year period must furnish the Department with clear and convincing evidence substantiating such claim. * * *
>
> * * *
>
> * * * no wife is liable under this Act for clothing, transportation or other incidental expenses of a husband who wilfully failed to contribute to her support for a period of 5 years immediately preceding the hospitalization, however." (Ill. Rev. Stat. 1973, ch. 91½, par. 12—12.)

Defendant's argument is that the provisions constitute unlawful discrimination based on sex. In order to successfully raise this question, defendant must show that he is a member of the proposed class of husbands whose wives have failed to contribute support to the husband or to the marriage during the preceding 5 years. In *Department of Mental Health v. Gardner* (1972), 5 Ill. App. 3d 578, 283 N.E.2d 693, the defendant raised this same constitutional question in regard to section 12—12. While the review court concluded that constitutional issues may be raised for the first time in the trial court, independent of any review procedure relating to the administrative determination, defendant was refused standing to raise the question as an adversely affected party since he did not allege or show that he was a member of the class of husbands whose wives had failed to support their husbands for the five years

previous to the hospitalization. In the instant case, defendant did claim at the trial court to be a husband whose wife had failed to support him for five years but offered no proof to support this claim other than the filing of the previously discussed affidavit which was rightly refused admittance into evidence. Therefore, no factual basis was presented to the trial court upon which it could determine defendant's status as an affected party. The factual determination of defendant's status should have been urged by him in a departmental redetermination hearing and his failure to do so relegates his claim of being adversely affected by this provision of section 12—12 as unsupported by proof.

■■ Lastly, defendant attacks the trial court's actions in allowing certain items into evidence. The State introduced into evidence a number of computer printout sheets upon which were recorded an abstract of the attendance record of Mrs. Beil at various State mental institutions. The defendant raised the question of admissibility of these records by a timely and proper objection.

In view of our conclusion that the notices of determination stand as fact unchallengeable in the trial court, the relevancy of these records to the presentation of the State's case is doubtful. It is clear, however, that the State did not meet the foundation requirements for the introduction into evidence of computer generated records. Before such records can be introduced into evidence, it must be shown that the electronic computing equipment is recognized as standard, that the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and that the testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission. (*King v. State ex rel. Murdock Acceptance Corp.*, 222 So. 2d 393 (Miss. 1969), approved, *People v. Gauer* (1972), 7 Ill. App. 3d 512, 288 N.E.2d 24.) The foundation related here merely established that the entries were made in the regular course of business. An agency's finding of fact may only be set aside by a reviewing court upon a showing that the facts as determined were not supported by the manifest weight of the evidence. (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 269 N.E.2d 713.) At the enforcement hearing, defendant's affidavit was properly refused and he presented no other evidence adverse to the agency's finding except his own disavowal of liability. Plaintiff introduced the notices of determination sent to defendant. As we have previously concluded, the facts therein, including the amount of the charges and the defendant's liability for them, are not now challengeable by defendant. The plaintiff also introduced by its complaint the verified statement of Martha King, an agent of the Department of Mental Health which stated that all of the charges against Mrs. Beil were true, correct and remained unpaid. Robert Dewan, a

determination supervisor for plaintiff, testified at trial to the procedure by which charges and liabilities are determined and that these procedures were followed in the case of defendant and his wife. We find under these circumstances, therefore, that the uncontradicted evidence produced by plaintiff supported the finding of the Department of Mental Health by the manifest weight of the evidence and that the trial court was correct in entering a directed verdict for plaintiff. Since plaintiff's case is sufficiently supported without the introduction of the computer records, any error resulting from their admission did not prejudice defendant and is harmless. For these reasons, we affirm the decision of the trial court.

Affirmed.

SIMKINS, P. J., and GREEN, J., concur.