THE PEOPLE *ex rel.* E. ALLEN BERNARDI, Illinois Director of Labor, Plaintiff-Appellant, *v.* JAMES E. MORAN, Defendant-Appellee.

First District (4th Division)    No. 82—1998

Opinion filed January 26, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Georgene M. Wilson, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed a suit to recover the overpayment of unemployment compensation benefits from the defendant, James E. Moran. On appeal from an order of the circuit court of Cook County granting defendant's motion for a directed verdict, the State contends (1) that the trial court erred by not admitting the records of the Department of Labor and allowing the defendant to collaterally attack a final administrative decision; (2) that the cause should have been remanded to the Department of Labor; and (3) that the defendant abrogated his only defense through an admission on the witness stand. The defendant did not file a brief, but we find that this does not prevent resolution of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plaintiff's complaint alleged that a written notice of a hearing to reconsider a prior determination of eligibility for unemployment compensation benefits was served on defendant; that pursuant to that hearing, the Department of Labor entered a reconsidered determination that defendant was not eligible for benefits paid to him during certain weeks in 1978 and 1979; and that plaintiff now asks for judgment against defendant in the sum of $2,417 for overpayment. Attached to the complaint was a copy of the Department of Labor's no-

tice of hearing and notice of reconsidered determination, which had been mailed to defendant.

At trial, defendant was called by the State as an adverse witness. He testified that it was possible he could have received wages as an employee of the city of Chicago during the weeks from March 10 through March 31, 1979, and from April 7 through April 21, 1979, but that he was uncertain of whether he did or not. He said he did not remember receiving a notice from the Department of Labor claiming a refund of money paid to him, nor could he recall attending a hearing involving unemployment insurance overpayments. He admitted that he received something in the mail which stated he owed $2,417 for unemployment insurance benefits and an appeal on his behalf was taken orally by a relative who is an attorney. He thereafter denied ever receiving a notice that he owed the money.

The State then called Martha Luntz, a special investigations hearing sections manager, who testified that defendant was sent a notice to attend a hearing regarding the Department of Labor's claim of $2,417 for unemployment insurance overpayments; that defendant attended the hearing; and that the decision entered pursuant to that hearing was not appealed by defendant. She stated she had access to the records of the Department of Labor and had examined its files, but said the records were kept by the benefit payments control section. She also said she was not the hearing officer in defendant's case, but that she knew of her own personal knowledge that a fraud investigation had been conducted.

Thereafter, the State rested and defense counsel made a motion for a directed verdict, which the trial court granted.

■ The State contends the trial court erred by directing a verdict for defendant because the determination of the Department of Labor was admissible into evidence as a record maintained by a public official, or, in the alternative, it was admissible as a business record pursuant to Supreme Court Rule 236(a) (87 Ill. 2d R. 236(a)). It has been repeatedly held that records kept by a public officer, dealing with his official activities and either required by statute or reasonably necessary for the performance of the duties of the office, are admissible to prove the matters recorded. Production in court by the custodian thereof is sufficient proof of the authenticity of the records. *Bell v. Bankers Life & Casualty Co.* (1945), 327 Ill. App. 321, 329, 64 N.E.2d 204, 208; see also *People ex rel. Wenzel v. Chicago & North Western Ry. Co.* (1963), 28 Ill. 2d 205, 190 N.E.2d 780.

■ Here, the defendant failed to seek a departmental redetermination and judicial review; therefore, the notice of reconsidered deter-

mination issued by the Department of Labor stands as a fact unchallengeable in the trial court. (See *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, 357 N.E.2d 875.) The only issue is whether the State met the foundation requirements for the introduction into evidence of a record maintained by a public official. The admissibility of public records depends on custody and authenticity and is not governed by handwriting or the original entry rule. See *Bell.*

■ Here, there is no question that the records of the Department of Labor are public records. Therefore, defendant's file was a public record which must necessarily be compiled in the performance of the Department's duties. Accordingly, in order to admit the file into evidence, the Department of Labor was required to establish custody of the file. The proper foundation for custody was provided in the testimony of an Illinois Department of Labor employee, Ms. Martha Luntz. Ms. Luntz testified that she was employed by the Department of Labor and that she had read and examined the defendant's file in her professional capacity. It is not fatal to the admissibility of this public record that the witness, Ms. Luntz, did not personally prepare defendant's file. (See *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 371 N.E.2d 1012.) Her testimony established that she had sufficient custodial control over the records.

We hold that the State presented proper foundation testimony to prove that the determination was a record of the Department of Labor and that the trial court erred by sustaining defendant's motion for a directed verdict at the close of the State's case.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.