ST. FRANCIS MEDICAL CENTER, Plaintiff-Appellant, v. GEORGE W. VERNON, JR., *et al.*, Defendants-Appellees.

Fifth District   No. 5—90—0703

Opinion filed August 2, 1991.

William E. Aulgur, of Eldorado, for appellant.

No brief filed for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, St. Francis Medical Center, appeals from an order of the circuit court of Union County dismissing with prejudice its first amended complaint. Defendants George W. Vernon, Jr., and Marilyn Vernon have not filed an appellees' brief in this court. However, in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495, our supreme court stated that in the absence of an appellee's brief, if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed. We find that the present case meets these criteria and we therefore reverse.

Count I of plaintiff's first amended complaint alleged, *inter alia,* "[t]hat in the year 1984 the Plaintiff, at the request of the Defendants, provided hospital care and services to Marilyn Vernon, as is shown on an itemized statement of the account of the Defendants hereto attached, marked and designated as 'Plaintiff's Exhibit A,' and which, by reference thereto, is hereby made a part of this Complaint." Plaintiff further alleged that a balance remained unpaid to plaintiff by defendants in the amount of $5,352.94 and sought recovery of that sum from defendants as husband and wife.

Count II of plaintiff's complaint alleged "[t]hat prior to the rendition of such services and care by plaintiff, the Defendant Marilyn Vernon made, executed and delivered unto Plaintiff her certain agreement in writing, copy of which is hereto attached, marked and designated as 'Plaintiff's Exhibit B,' and which, by reference thereto, is

hereby made a part of this Complaint." Count II further alleged that by the terms of this agreement, defendant Marilyn Vernon covenanted to pay plaintiff its regular charges for the services and goods to be furnished and to pay all reasonable collection expenses, court costs, and reasonable attorney fees if her account became delinquent and was referred to an attorney. Plaintiff claimed reasonable attorney fees from defendant Marilyn Vernon in the amount of $1,784.31.

Defendants filed a motion to dismiss plaintiff's first amended complaint, asserting that count I was barred by the statute of limitations set forth in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—205), and that plaintiff's exhibit B, the document relied upon in count II, was defective because it was undated and not executed by both plaintiff and defendant. The trial court granted defendants' motion to dismiss without comment.

On appeal, plaintiff argues that the trial court's order is contrary to law and should be reversed, where defendant's motion sets forth no grounds for dismissal with prejudice of plaintiff's complaint. Plaintiff argues that although the hospital care and services were rendered in 1984, the five-year limitation on actions on unwritten contracts provided in section 13—205 presents no bar where plaintiff's exhibit A shows payments were received on the account through February 1990.

■■ It is clear that part payment of a debt tolls the statute of limitations such that it commences to run from the date of last payment. (*Department of Mental Health v. Mitchell* (1975), 25 Ill. App. 3d 988, 991, 324 N.E.2d 94, 96.) It is also true, as plaintiff claims, that exhibits attached to the complaint become part of the pleadings, and facts stated in such exhibits are considered the same as having been alleged in the complaint. (*Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744, 747, 371 N.E.2d 173, 175; *Hazel Crest Federation of Teachers, Local 2077 v. Board of Education of School District 152½* (1990), 206 Ill. App. 3d 69, 80, 563 N.E.2d 1088, 1095.) Here, plaintiff's exhibit A, an itemized statement of defendants' account, was attached to and thereby made part of plaintiff's complaint. Thus, the payment in February 1990 caused the five-year statute of limitations to run from that date, and the filing of plaintiff's first amended complaint in May 1990 was within the period.

■■ Plaintiff also correctly asserts that the claimed "defects" in the contract upon which count II is predicated do not make it unenforceable against defendant Marilyn Vernon. The fact that the contract, designated as plaintiff's exhibit B, was executed only by defendant Marilyn Vernon is not fatal. Where a contract is enforced on the

basis of a single signature, it must generally be signed by the party to be charged under the contract and delivered to the nonsigning party, who indicates acceptance by performing. (*Glabman v. Bouhall* (1980), 81 Ill. App. 3d 966, 969, 401 N.E.2d 990, 993.) In the instant case, the record shows that defendant Marilyn Vernon signed plaintiff's exhibit B covenanting to pay plaintiff for services and goods rendered and for all reasonable collection costs should the account become delinquent, and plaintiff accepted said contract by providing hospital care as listed in plaintiff's exhibit A.

Additionally, the absence of a date on plaintiff's exhibit B does not, of itself, invalidate the written agreement. A written agreement is valid, although undated. (See *Pinson v. Moffat* (1952), 209 Ga. 7, 70 S.E.2d 359; 17 C.J.S. *Contracts* §61, at 730-31 (1963).) Therefore, the claimed defects in plaintiff's exhibit B would not support a dismissal with prejudice of count II.

As our supreme court suggested in *First Capitol*, we do not feel that this court should be compelled to serve as an advocate for the appellee or that we should be required to search the record for the purpose of sustaining the judgment of the trial court. (*First Capitol*, 63 Ill. 2d at 133, 345 N.E.2d at 495.) In this case, plaintiff's brief supports its challenge to the propriety of the trial court's order of dismissal with citation to the record and case authority. We believe this argument presents a *prima facie* case for error. Under these circumstances, we believe that reversal is required.

For the reasons set forth herein, the judgment of the circuit court of Union County is reversed and this case is remanded to that court for further proceedings.

Reversed and remanded.

RARICK, P.J., and WELCH, J., concur.